UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   NOT FOR PUBLICATION

MICHAEL DONNEL WESLEY,

             Plaintiff,                          Civil Action No.
                                                        CV-07-280 (DGT)

   -against-

                                                        MEMORANDUM
The City of New York; Correction Officer CANINO    AND ORDER
#9602; Correction Officer GARICA #15422;
Correction Captain MONTANA #723; Correction
Officer RUFF #15960; Correction Officer HART
#8231; Correction Officer BILBOA #3941,
Correction Officer JOSEPH CORREA;
Correction Commissioner for NYC DOC, MARTIN
F. HORN; Correction Captain DUMMIS #1253;
Correction Captain WILLIAM #560; Correction
Deputy Warden of Security, Acting Warden of C-73
EMMANNEL H. BAILEY, Correction Warden of
AMKC C-95 BRIAN RIORUDAM,

             Defendants.
----------------------------------------------------------------X
TRAGER, J.

      Plaintiff Michael Donnel Wesley, currently incarcerated at Sing Sing Correctional Facility, brings this pro se action pursuant to 42 U.S.C. § 1983. The action was originally filed on October 30, 2006, in the United States District Court for the Southern District of New York and was transferred to this Court by order dated December 27, 2006. Plaintiff seeks in forma pauperis status, damages and injunctive relief.

Prison Litigation Reform Act-Three Strikes Provision

      While incarcerated, plaintiff has filed three in forma pauperis actions in this Court which have been dismissed as frivolous or malicious or for failure to state a claim. See Wesley v. Earlbaum, et al., No. 03-CV-2559 (DGT); Wesley v. Ferino, No. 03-CV-1467 (DGT); Wesley v. Borbon, et al., 03-CV-0079 (DGT). By order dated September 19, 2005, this Court notified plaintiff that he could not file a new civil action requesting in forma pauperis status unless his complaint alleged that he is under imminent danger of physical injury as required under the Prison Litigation Reform Act of 1995, 28



U.S.C. § 1915(g) (known as the "three-strikes" rule).[1] See Wesley v. Borbon, No. 05-CV-4072 (DGT), slip op. at 3-4 (E.D.N.Y. Sept. 19, 2005) (citing plaintiff's litigation history). Here, plaintiff alleges that while incarcerated at Rikers Island, he was denied access to the law library, that the law library was inadequate and that he was transferred to another jail in retaliation for filing a complaint against a correction officer, but he does not allege that he is "under imminent danger of serious physical injury" at the time he filed the complaint. Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) ("the language of 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed.").

Conclusion

Accordingly, plaintiff's request to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g). In order to proceed with this action, plaintiff must pay the filing fee of $350.00 within 30 days from the date of this order. Plaintiff is advised that the complaint may be dismissed in whole or in part, even if he has paid the filing fee, under 28 U.S.C. § 1915A. Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
February 5 2007

SO ORDERED:

David G. Trager
United States District Judge

---

[1] "In no event shall a prisoner bring a civil action ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2